This was a bill filed by the plaintiff as executor of Nathan G. Blunt, *Page 166 
praying the direction of the court in regard to the execution of certain bequests contained in his testator's will. The bequests and the questions therewith connected are set forth in the opinion delivered in this Court.
Three questions are presented: First. The will has this clause: "I desire that my two negro men, Allen and Samuel, shall continue to labor for the benefit of my estate for three years after my death, or pay the sum of $750 each to my executor. At the expiration of that time (three (255) years) I desire that they may be permitted to select their masters, and do authorize and empower my executor to sell them to such person or persons as they may select, at a nominal price, or to liberatethem, if it can be done consistently with the laws of North Carolina, asthey may prefer; my intention and desire being to have them kindly treated and properly taken care of for the remainder of their lives," etc.
It is evident that the testator intended to sell these negroes to themselves at the price of $750 each, or three years labor, "for the benefit of his estate" under the stimulus of a promise of freedom. Two questions are presented: Suppose they prefer to enjoy their freedom in thisState, by selecting some one who is to become their ostensible owner, at anominal price, and who will "treat them kindly and take care of them for the remainder of their lives." Is this a lawful trust, such as the executor is at liberty to carry into execution? We think not, for it is only another name or mode or disguise under which to make free negroes and introduce a sort of quasi freedom wholly incompatible with our institutions. Should the negroes prefer to remain in this State it will be the duty of the executor to sell them as slaves and to account to the estate for a fair and reasonable price. Of course, he has a discretion and is not obliged to put them up on the block to the highest bidder, but may sell them at private sale to any one who will give a fair price for them as slaves.
Suppose they may prefer to be emancipated. The executor may then adopt one of two courses, either of which, according to the decisions of this Court, can be done consistently with the laws of North Carolina. He may give the bonds required by the statute and send them out of the State, or he may send them out of the State, and thus liberate them without the bonds. Thompson v. Newlin, ante, 32; Wooten v. Becton, ante, 65.
(256) Second. There is this clause: "Should my negro woman Harriet desire to be sold in the neighborhood of Washington, where *Page 167 
she was raised, I authorize and request my executor to sell her and herchild Sophy to such person as she may select in that neighborhood, and for such price as he may think proper. My executor is further authorized, requested, and empowered to hire out said Harriet for six or twelve months to such person as she may select, which will give her an opportunity of choosing her master, or she may remain with her mistress eight or ten yearsif she wishes."
Harriet preferred to remain with her mistress, the widow of the testator, but she has had several children and, as the widow says, her services are not worth the maintenance of herself and children. The question is, Can the executor pay the widow a reasonable sum for maintenance? We think not. The testator evidently intended to favor Harriet, and took it for granted that "her mistress" would keep her and Sophy eight or ten years, but he seems not to have thought about the children she might have afterwards, and while intending a favor to her there is nothing to show that he intended to put a burden on his estate or on his widow. The result, therefore, is that if the widow is not willing to maintain Harriet and her children free of charge the executor must sell her. In making the sale he has a wide discretion, according to the intention of the testator, and may sell to any person in the neighborhood of Washington Harriet may select, for a reasonably fair price, at private sale. It was evidently the testator's intention that not only the child Sophy, but the children born since, should be sold with their mother to some kind master. And in reference to this the executor is at liberty to aid the woman with his advice in making a selection.
Third. Can the executor resign? We think not. He has accepted and entered upon the discharge of his trust and can only be removed upon a suggestion of unfitness or unfaithfulness, neither of which (257) is alleged.
There must be a decree according to this opinion.
PER CURIAM. Decree accordingly.
Cited: Delap v. Delap, 55 N.C. 293; Harrison v. Everett, 58 N.C. 163;Tulburt v. Hollar, 102 N.C. 408; McIntyre v. Proctor, 145 N.C. 291.